UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STATE FARM FIRE AND CASUALTY COMPANY
as subrogee of MARLANDO and SANDRA WILLIAMS,   Docket No:

                                            Plaintiff,   **COMPLAINT**

                 -against-   **JURY TRIAL DEMANDED**

THE WHISTLER GROUP, INC.,

                                            Defendant.
-----------------------------------------------------------------------X

Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams, by and through its attorneys, Cozen O'Connor, hereby complains of Defendant and, upon information and belief, alleges as follows:

## THE PARTIES

1. Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams (hereinafter "State Farm") is an Illinois based corporation, having a principal place of business located at 2702 Ireland Grove Road, Bloomington, Illinois 61709.

2. At all times material hereto, Plaintiff was authorized to issue policies of insurance in the State of New York.

3. Defendant, The Whistler Group, Inc. (hereinafter "Whistler") was and is a foreign business corporation duly organized and existing under the laws of the State of Arkansas and authorized to do business in the State of New York and throughout the United States, with its corporate headquarters located 1716 SW Commerce Drive, Suite 8, Bentonville, Arkansas 72712.

4. At all times material hereto, Defendant, Whistler was and is engaged in, *inter alia,* the business of manufacturing, distributing and selling power supply products, including automotive jump starters.

**JURISDICTION AND VENUE**

5. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

6. Venue is properly laid in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391, as the events giving rise to this action occurred in this District and the Defendant does business in this district.

**FACTUAL ALLEGATIONS**

7. On and prior to March 3, 2017, Marlando and Sandra Williams (hereinafter "Williams" and/or "Plaintiff's insureds") were and are citizens of New York, residing at 90 Alfred Avenue, Baiting Hollow, New York 11933 (hereinafter "the subject premises").

8. Prior to March 3, 2017, Williams were insured by Plaintiff, State Farm, pursuant to a policy of insurance (hereinafter "subject policy").

9. Prior to March 3, 2017, Williams purchased and owned a Kia motor vehicle.

10. Prior to March 3, 2017, Williams purchased a certain automotive jumpstarter from Whistler (hereinafter "The Portable Jumpstart").

11. At all relevant times, Whistler designed, manufactured, supplied, distributed and sold into the stream of commerce The Portable Jumpstart that was purchased and located in the vehicle.

12. At all relevant times, The Portable Jumpstart was expected to, and did, reach Williams without substantial alteration in the condition in which it was sold.

13. At all relevant times, The Portable Jumpstart was used for its intended purpose in a manner reasonably foreseeable to Whistler.

14. On March 3, 2017, a fire originated at the subject premises (hereinafter "subject fire") causing significant property damage to the subject premises and contents therein.

15. The subject fire originated from within The Portable Jumpstart.

16. On April 28, 2015, the U.S. Consumer Product Safety Commission (CPSC) issued a recall one particular model of a jumpstart which was manufactured by Whistler due to posing a fire hazard to consumers.

17. Specifically, the CPSC stated that the lithium battery within The Portable Jumpstart could overheat, melt and cause fire (CPSC Release #15-123).

18. The Defendant's acts and omissions directly and proximately caused fire damage at the subject premises and directly and proximately caused severe and substantial damage to the property of Plaintiff's insureds, the fair and reasonable value of which is an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

19. Plaintiff's insureds subsequently submitted a claim to Plaintiff, State Farm, seeking reimbursement under the subject policy for the full amount of the property damages and personal property and additional living expenses which they sustained as a direct and proximate result of the subject water and property damage.

20. Pursuant to its duties and obligations under the subject policy, the Plaintiff, State Farm, made payments to others and reimbursed its insured a total amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

21. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, became subrogated to the extent of its payments to its insureds' respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" above, as if more fully set forth herein.

23. The aforementioned resulting severe and substantial fire and property damage was directly and proximately caused by the recklessness, carelessness and/or negligent acts and/or omissions of Defendant, Whistler, by and through its employees, agents, contractors, subcontractors, servants and/or representatives, in failing to properly design, manufacture, assemble, distribute, sell and market its products such that they would be free from defects and reasonably safe for their intended and reasonably foreseeable uses.

24. At all relevant times, Whistler had a duty to investigate, inspect, test and examine its products to discovery any flaws or dangers existing therein.

25. Whistler breached one or more of its foregoing duties by failing to use ordinary care in its design, manufacture, assembly, distribution, sale and/or marketing of The Portable Jumpstart.

26. Furthermore, Whistler breached one or more of its foregoing duties by one or more of the following negligent acts and/or omissions:

    a. failed to design, manufacture, assemble, distribute, sell or market a product that was reasonably safe under normal use conditions;

    b. failed to design, manufacture, assemble, distribute, sell or market a product that was reasonably safe for its reasonably intended purpose(s);

c.  failed to design, manufacture, assemble, distribute, sell or market a product in which the components would not fail in the course of foreseeable use;

d.  failed to design, manufacture, assemble, distribute, sell or market a product that would not cause a fire in the course of foreseeable use;

e.  failed to design, manufacture, assemble, distribute, sell or market a product that would adequately discharge and/or resist heat produced by its own operation;

f.  failed to design, manufacture, assemble, distribute, sell or market a product containing a switch that would deactivate The Portable Jumpstart in the event of overheat;

g.  failed to integrate adequate thermal protective measures into The Portable Jumpstart;

h.  failed to provide adequate warnings about The Portable Jumpstart dangerous properties or conditions;

i.  failed to provide an adequate lithium battery in The Portable Jumpstart that would not overheat;

j.  failed to adequately test, investigate, inspect or analyze The Portable Jumpstart to understand its properties, dangers, potential dangers, proper uses and necessary warnings to ensure that it was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold and marketed; and/or

k.  failed to adequately test, investigate, inspect or analyze The Portable Jumpstart component parts to understand the components' properties, dangers, potential dangers, proper uses and necessary warnings to ensure that The Portable Jumpstart was safe for its intended uses and properly designed, manufactured, assembled, distributed, sold and marketed.

27. As a direct and proximate result of the aforesaid acts of carelessness, recklessness and/or negligent acts and/or omissions by Defendant, Whistler, by and through its employees, agents, contractors, subcontractors, servants and/or representatives, the subject water and property damage occurred and directly and proximately caused Plaintiff's insureds to sustain severe and substantial property damages, the fair and reasonable value of which is an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents

($1,077,087.08).

28. Plaintiff's insureds subsequently submitted a claim to State Farm seeking reimbursement under the subject policy for the damages that they sustained as a result of the subject fire.

29. Pursuant to its duties and obligations under the subject policy, the Plaintiff, State Farm, paid others and reimbursed its insured a total amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

30. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, State Farm, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams, demands judgment in its favor and against Defendant in an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A SECOND CAUSE OF ACTION
## STRICT LIABILITY-DESIGN DEFECT

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" above, as if more fully set forth herein.

32. At all relevant times, Whistler was engaged in the business of distributing, selling and/or otherwise placing into the stream of commerce products including The Portable Jumpstart involved in the subject fire.

33. At the time, The Portable Jumpstart left the control of Whistler, a defect existed within The Portable Jumpstart that rendered it unreasonably dangerous so as to cause a fire and cause the subject loss.

34. The Williams were using The Portable Jumpstart for its intended purpose.

35. The Portable Jumpstart failed to perform in the manner reasonably to be expected in light of its nature and intended function.

36. The unreasonably defective condition of The Portable Jumpstart caused the subject loss and damages from which this action arises.

37. The unreasonably defective condition of The Portable Jumpstart was neither plainly apparent nor discoverable by Williams or other consumers through a reasonable inspection.

38. For these reasons, Whistler is strictly liable to Plaintiff, State Farm under Section 402(A) of the Restatement (2d) of Torts and the applicable common law.

39. At the time of the design of The Portable Jumpstart by Whistler, The Portable Jumpstart was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more the following ways:

    a. The Portable Jumpstart overheated under reasonably anticipated use conditions;

    b. The Portable Jumpstart caught fire under reasonably anticipated use conditions;

    c. The Portable Jumpstart incorporated a lithium battery susceptible to failure under reasonably anticipated use conditions;

    d. The Portable Jumpstart incorporated a lithium battery susceptible to overheating resulting in the product's overheating and/or violent combustion under reasonably anticipated use conditions; and/or

      e.      The Portable Jumpstart failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

40. The defective and unreasonably dangerous condition(s) of The Portable Jumpstart existed due the defective manner in which Whistler designed The Portable Jumpstart.

41. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of Defendant, Whistler and/or its representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject water and property damage occurred and directly and proximately caused Plaintiff's insureds to sustain severe and substantial property damage, the fair and reasonable value which is an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

42. Plaintiff's insureds subsequently submitted a claim to State Farm seeking reimbursement under the subject policy for the damages that they sustained as a result of the subject fire.

43. Pursuant to its duties and obligations under the subject policy, State Farm paid others and reimbursed its insured to a total amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

44. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, State Farm, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams, demands judgment in its favor and against Defendant, The Whistler Group, in an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

**AS AND FOR A THIRD CAUSE OF ACTION**
**STRICT LIABILITY-MANUFACTURING DEFECT**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" above, as if more fully set forth herein.

46. At the time of the manufacture of The Portable Jumpstart by Whistler, The Portable Jumpstart was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use, in one or more the following ways:

   a. The Portable Jumpstart overheated under reasonably anticipated use conditions;

   b. The Portable Jumpstart caught fire under reasonably anticipated use conditions;

   c. The Portable Jumpstart incorporated a compressor susceptible to failure under reasonably anticipated use condition;

   d. The Portable Jumpstart incorporated component parts susceptible to short-circuiting resulting in the product's overheating and/or violent combustion under reasonably anticipated use conditions; and/or;

   e. The Portable Jumpstart failed to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

47. The defective and unreasonably dangerous condition(s) of The Portable Jumpstart existed due to Whistler's defective manufacture of The Portable Jumpstart.

48. The aforementioned defective and unreasonably dangerous condition(s) of The Portable Jumpstart existed at the time it left the control of Whistler.

49. At all times, The Portable Jumpstart was used in a reasonable manner and such use was reasonably foreseeable by Whistler.

50. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of Defendant, Whistler and/or its representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject water and property damage occurred and directly and proximately caused Plaintiff's insureds to sustain severe and substantial property damage, the fair and reasonable value which is an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

51. Plaintiff's insureds subsequently submitted a claim to State Farm seeking reimbursement under the subject policy for the damages that they sustained as a result of the subject fire.

52. Pursuant to its duties and obligations under the subject policy, State Farm paid others and reimbursed its insured to a total amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

53. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, State Farm, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams, demands judgment in its favor and against Defendant, The Whistler Group, in an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A FOURTH CAUSE OF ACTION
## STRICT LIABILITY-FAILURE TO WARN

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" above, as if more fully set forth herein.

55. At the time of Whistler's design, manufacture and/or distribution of The Portable Jumpstart, The Portable Jumpstart was in a defective condition and unreasonably dangerous when put to reasonably anticipated use.

56. At all relevant times, The Portable Jumpstart was used without adequate knowledge or warning of its characteristics from Whistler.

57. Whistler failed to give adequate warning of the dangers of The Portable Jumpstart, including the following:

    a.    the danger of The Portable Jumpstart's lithium battery overheating under reasonably anticipated use conditions;

    b.    the danger of The Portable Jumpstart melting and catching fire under reasonably anticipated use conditions;

    c.    the danger of The Portable Jumpstart's incorporation of a battery susceptible to failure under reasonably anticipated use conditions;

    d.    the danger of The Portable Jumpstart's integration of a battery susceptible to overheat and violent combustion under reasonably anticipated use conditions; and/or;

      e.      the danger of The Portable Jumpstart's inability to properly discharge and/or sustain heat generated by its own operation under reasonably anticipated use conditions.

58. As a direct or proximate result of Whistler's failure to design, manufacture, sell, distribute and/or market The Portable Jumpstart with adequate warnings, users of The Portable Jumpstart lacked knowledge of its dangerous characteristics.

59. At all times, The Portable Jumpstart was used in a reasonable manner and such use of the product was reasonably foreseeable by Whistler.

60. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of Defendant, Whistler and/or its representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject water and property damage occurred and directly and proximately caused Plaintiff's insureds to sustain severe and substantial property damage, the fair and reasonable value which is an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

61. Plaintiff's insureds subsequently submitted a claim to State Farm seeking reimbursement under the subject policy for the damages that they sustained as a result of the subject fire.

62. Pursuant to its duties and obligations under the subject policy, State Farm paid others and reimbursed its insured to a total amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

63. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, State Farm, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams, demands judgment in its favor and against Defendant, The Whistler Group, in an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

## AS AND FOR A FIFTH CAUSE OF ACTION
## STRICT LIABILITY-NON-SPECIFIC PRODUCT DEFECT

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" above, as if more fully set forth herein.

65. The Portable Jumpstart was not put to any abnormal use during its service life.

66. There was no secondary cause of the subject fire.

67. The Portable Jumpstart failed to perform in a manner reasonably expected in light of its nature and intended function.

68. As a direct and proximate result of the aforesaid strict liability producing acts and omissions of Defendant, Whistler and/or its representatives, agents, servants and/or employees for which Defendant is strictly liable, the subject water and property damage occurred and directly and proximately caused Plaintiff's insureds to sustain severe and substantial property damage, the fair and reasonable value which is an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

69. Plaintiff's insureds subsequently submitted a claim to State Farm seeking reimbursement under the subject policy for the damages that they sustained as a result of the subject fire.

70. Pursuant to its duties and obligations under the subject policy, State Farm paid others and reimbursed its insured to a total amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08).

71. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policy, Plaintiff, State Farm, became subrogated to the extent of its payments to its insured's respective right to recovery and is entitled to recover the same amount from the named Defendant in this action.

**WHEREFORE**, Plaintiff, State Farm Fire and Casualty Company as subrogee of Marlando and Sandra Williams, demands judgment in its favor and against Defendant, The Whistler Group, in an amount in excess of One Million Seventy-Seven Thousand Eighty-Seven Dollars and Eight Cents ($1,077,087.08), together with pre-judgment and post-judgment interest, attorney's fees, the costs of this suit, and such other relief as this court may order.

Dated: New York, New York
      February 24, 2020

    Respectfully submitted,

    COZEN O'CONNOR
    *Attorneys for Plaintiff*

By: _____
    Robert W. Phelan, Esq.
    45 Broadway, 23rd Floor
    New York, New York 10006
    (212) 908-1274

LEGAL\45041391\1 00066.0001.000/403545.000

14